FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y.

★   FEB 15 2012   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
OMARI FELL,

                Plaintiff,

            -against-

NASSAU COUNTY SHERIFF MICHAEL
SPOSATO; ARMOR CORRECTIONAL
HEALTH, INC.; and VARIOUS NURSES/
DOCTORS,

                Defendants.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**

11-CV-5059 (SJF)(AKT)

FEUERSTEIN, J.

On October 12, 2011, incarcerated *pro se* plaintiff Omari Fell ("plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants Acting Nassau County Sheriff Michael Sposato ("Sposato"), Armor Correctional Health, Inc., and unnamed nurses and doctors at the Nassau County Correctional Center ("NCCC"), accompanied by an application to proceed *in forma pauperis*. Plaintiff's financial status, as set forth in the declaration in support of his application to proceed *in forma pauperis*, qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915. Accordingly, plaintiff's application to proceed *in forma pauperis* is granted. However, for the reasons set forth below, the complaint is *sua sponte* dismissed.

I.    The Complaint

Plaintiff alleges that the NCCC never "afforded [him] the opportunity" to continue physical therapy for injuries he sustained to his hands prior to his incarceration on April 1, 2011 and ignored his numerous sick-calls and subsequent grievance. (Compl. ¶¶ IV and IV.A). According to

plaintiff, he was prescribed only Motrin for his injuries. (Compl., ¶ IV.A).

Plaintiff alleges that as a result of defendants' "medical negligence," (Compl., ¶ IV), he has limited mobility, numbness and pain in both of his hands, (Compl., ¶ IV.A), and has "suffered great mental anguish." (Compl., ¶ V). Plaintiff seeks unspecified compensatory and punitive damages. (Id.)

II. Discussion

A. Standard of Review

Under 28 U.S.C. § 1915A, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007); see also Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under the Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory).

Likewise, the *in forma pauperis* statute requires a district court to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). See Abbas, 480 F.3d at 639 (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004) (accord).

It is axiomatic that district courts are required to read *pro se* complaints liberally, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); Chavis v. Chappius, 618 F.3d

162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest[].'" Chavis, 618 F.3d at 170 (quoting Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. Sept. 2010); see also Jackson v. Birmingham Board of Education, 544 U.S. 167, 171, 125 S.Ct. 1497, 161 L.Ed.2d 361 (2005).

If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). However, if amendment of the complaint would not cure the substantive defects of the claim, leave to amend should be denied. Id.

B. Inadequate Medical Treatment

To state a claim pursuant to Section 1983, a plaintiff must allege that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v., Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive rights; but rather is a vehicle to "redress ... the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999) (citing Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)).

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Back v. Hastings on Hudson Union Free School Dist., 365 F.3d 107, 122 (2d Cir. 2004)(internal quotations and citation omitted); see also Platt v. Incorporated Village of Southampton, 391 Fed. Appx. 62, 65 (2d Cir. Aug. 30, 2010); Farid

3

v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010). "Personal involvement" may be established by evidence of direct participation by the defendant in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut, 352 F.3d at 753; see also Rolon v. Ward, 345 Fed. Appx. 608, 611 (2d Cir. Sept. 4, 2009). "The fact that [a defendant] was in a high position of authority is an insufficient basis for the imposition of personal liability." Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989); see also Back, 365 F.3d at 127. A complaint based on a violation under Section 1983 that does not allege facts establishing the personal involvement of a defendant fails as a matter of law. See Costello v. City of Burlington, 632 F.3d 41, 48-49 (2d Cir. 2011); Rosa R. v. Connelly, 889 F.2d 435, 437 (2d Cir. 1989).

Plaintiff has not established, or even alleged, the direct participation of any defendant in any of the wrongdoing alleged in his complaint, nor any basis upon which to find defendants liable in a supervisory capacity.

Moreover, "[a] convicted prisoner's claim of deliberate indifference to his medical needs by those overseeing his care is analyzed under the Eighth Amendment because the right the plaintiff seeks to vindicate arises from the Eighth Amendment's prohibition of 'cruel and unusual punishment.'" Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009) (quoting Weyant v. Okst, 101 F.3d 845, 856 (2d Cir. 1996)). However, "a person detained prior to conviction receives protection against mistreatment at the hands of prison officials under the Due Process Clause of the Fifth Amendment if the pretrial detainee is held in federal custody, or the Due Process Clause of the

Fourteenth Amendment if held in state custody." Id. Regardless of whether the plaintiff is a convicted prisoner or pretrial detainee, however, "the standard for deliberate indifference is the same under the Due Process Clause of the Fourteenth Amendment [or Fifth Amendment] as it is under the Eighth Amendment." Id. at 70-71, 72.

A claim for deliberate indifference to medical needs has both an objective and subjective component. See Collazo v. Pagano, 656 F.3d 131, 135 (2d Cir. 2011); Hill, 657 F.3d at 122. Objectively, "the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain, exists." Hill, 657 F.3d at 122 (quoting Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996)). In order to determine whether an alleged deprivation of medical care was objectively serious, the court must inquire (1) whether the inmate was "actually deprived of adequate medical care," i.e., whether the prison officials acted reasonably in response to the inmate's medical needs; and (2) "whether the inadequacy in medical care [was] sufficiently serious," i.e., how the challenged conduct was inadequate and what harm, if any, the inadequacy has caused or will likely cause the inmate. Salahuddin, 467 F.3d at 279-80.

"Subjectively, the official must have acted with the requisite state of mind, the 'equivalent of criminal recklessness,'" Collazo, 656 F.3d at 135 (quoting Hathaway, 99 F.3d at 553); see also Wilson v. Seiter, 501 U.S. 294, 299, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (holding that a deliberate indifference claim "mandate[s] inquiry into a prison official's state of mind."), i.e., the official must have "act[ed] or fail[ed] to act while actually aware of a substantial risk that serious inmate harm will result." Salahuddin, 467 F.3d at 280; see also Caiozzo, 581 F.3d at 72 (holding that the plaintiff must establish that the official "knew of and disregarded an excessive risk to [the plaintiff's] health or safety and * * * was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference." (alterations and

quotations omitted)). Generally, "mere allegations of negligent malpractice do not state a claim of deliberate indifference." Hathaway, 99 F.3d at 553; see also Estelle, 429 U.S. at 106, 97 S.Ct. 285 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim * * * under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) ("[N]egligence is insufficient to support an Eighth Amendment claim."); Hernandez, 341 F.3d at 144 ("'Deliberate indifference' describes a mental state more blameworthy than negligence * * * [and] is a state of mind that is the equivalent of criminal recklessness. * * * A showing of medical malpractice is therefore insufficient to support an Eighth Amendment claim unless the malpractice involves culpable recklessness, i.e., an act or a failure to act * * * that evinces a conscious disregard of a substantial risk of serious harm." (internal quotations and citations omitted)); Cuoco, 222 F.3d at 106-07.

Even liberally read, the complaint fails to state a claim for deliberate indifference to medical needs because, *inter alia*, plaintiff does not allege the personal involvement of any of the defendants in any of the alleged wrongdoing and, at most, plaintiff's allegations state a claim for negligence or medical malpractice. Accordingly, the complaint is *sua sponte* dismissed in its entirety pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii). Plaintiff is granted leave to amend his complaint **on or before March 19, 2012** in order to cure the pleading deficiencies noted herein. See Chavis, 618 F.3d at 170 (holding that a district court should not dismiss a *pro se* complaint with prejudice "when a liberal reading of the complaint gives any indication that a valid claim might be stated.") The amended complaint must be labeled "Amended Complaint;" bear the same docket number as this Order; and clearly identify the individual(s) personally responsible for any alleged violation of his constitutional rights. In the event plaintiff does not know the names of such individuals, he

must identify each of them as "John Doe Correctional Officer #1" or "Jane Doe Medical Officer #2," or the like; identify the roles each of them played in the alleged constitutional deprivation; describe each of them with as much specificity as possible to enable their identification; and, where possible, identify the specific dates of the alleged wrongdoing.

III. Conclusion

For the foregoing reasons, plaintiff's application to proceed *in forma pauperis* is granted and the complaint is *sua sponte* dismissed with prejudice **unless plaintiff files an amended complaint in accordance with this order on or before March 19, 2012.**

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**                                 s/ Sandra J. Feuerstein

SANDRA J. FEUERSTEIN
United States District Judge

Dated: February 15, 2012
Central Islip, New York

7